UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JBM EQUITY PARTNERS, LLC                      CIVIL ACTION

VERSUS                                        NO: 10-1032

CENTRAL PROGRESSIVE BANK                      SECTION: "A" (1)

**ORDER AND REASONS**

Before the Court are the following motions: **Motion to Dismiss (Rec. Doc. 46)** filed by defendant Brian Berns; **Motion to Dismiss, or Alternatively for Summary Judgment (Rec. Doc. 44)** filed by defendant Brandon Faciane; **Motion to Dismiss, or Alternatively for Summary Judgment (Rec. Doc. 47)** filed by defendant Ralph Menetre, III. Plaintiff JBM Equity Partners, LLC ("JBM") opposes the motions. The motions, scheduled for submission on December 5, 2012, are before the Court on the briefs without oral argument. For the reasons that follow, the motions are GRANTED.

I.  **BACKGROUND**

JBM filed its original complaint against Central Progressive Bank ("CPB") on April 5, 2010, asserting that CPB breached two contracts for consulting/construction management services. (Rec. Doc. 1). The parties refer to these contracts as the French Settlement Agreement and the Cross Creek Estates Agreement. JBM

1

seeks a principal amount of $458,719.45 under the contracts. (Rec. Doc. 1, Original Complaint ¶ 6). On March 3, 2011, the Court stayed the matter because certain key witnesses were contemplating asserting testimonial privileges. (Rec. Doc. 29, Minute Entry 3/3/11). On June 14, 2012, the Court reopened the case and gave JBM a deadline to amend its complaint. (Rec. Doc. 33, Minute Entry 6/14/12). The Clerk entered the Amended Complaint on July 26, 2012. (Rec. Doc. 36). The Amended Complaint substitutes the Federal Deposit Insurance Corporation ("FDIC") as a defendant for CPB, which is in receivership, and names Ralph Menetre, III (CPB's Executive Vice President), Brandon Faciane (CPB's President and CEO), and Brian Berns (CPB's Vice President) as defendants. The crux of the complaint against the individual defendants is that they made fraudulent misrepresentations to JBM regarding the status of payments and other matters--misrepresentations that JBM relied upon to its detriment.

Each of the individual defendants now moves to dismiss the claims asserted against him. Menetre and Faciane also move for summary judgment.

## II. DISCUSSION

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Lormand v. US

Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lovick v. Ritemoney, Ltd., 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. (citing Bell Atlantic Corp. v. Twombly, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. Gentilello v. Rege, 627 F.3d 540, 544 (5th Cir. 2010) (quoting Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." Id. (quoting Iqbal, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Id. (quoting Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. Id. (quoting Iqbal, 129 S. Ct. at 1950).

Federal Rule of Civil Procedure 9(b) states that a party alleging fraud must state with particularity the circumstances constituting fraud or mistake.  Rule 9(b) creates a heightened pleading requirement from the otherwise "short and plain statement" required by Rule 8(a).  In this circuit pleading fraud with particularity typically requires "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation."  <u>Williams v. WMX Tech., Inc.</u>, 112 F.3d 175, 177 (5th Cir. 1977) (<u>quoting</u> <u>Tuchman v. DSC Comm. Corp.</u>, 14 F.3d 1061, 1068 (5th Cir. 1994)).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Id.</u> (<u>citing</u> <u>Anderson</u>, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  <u>Id.</u> (<u>citing</u> <u>Anderson</u>, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### *Berns*

Berns moves to dismiss all claims against him pursuant to Rule 12(b)(6). Berns contends that he cannot be liable for breach of contract because he was not a party to any contract with JBM, and there are no allegations of fact as to Berns that would support personal liability against him for CPB's breach of contract, if any. Berns also argues that there are no facts pled as to the fraud claim and therefore dismissal is appropriate. Finally, Berns argues that the claims against him are prescribed.

Louisiana law allows a third party to pursue a cause of action against a corporate officer for a corporation's debt where the officer has engaged in some type of fraud. See Louisiana World Exposition v. Federal Ins. Co., 858 F.2d 233, 240 (5th Cir. 1988); Hemphill-Kunstler-Buhler, Auctioneers & Appraisers v. Davis Wholesale Elect. Supply Co., 516 So. 2d 402 (La. App. 1st Cir. 1987). In the absence of some type of fraud or malfeasance

5

by the corporate officer, he cannot be held personally liable for the debts of the corporation.  See Hemphill-Kunstler-Buhler, 516 So. 2d at 403.

Berns was not a party to the JBM/CPB contracts so he cannot be liable in the absence of fraudulent conduct.  Allegations of fraud are subject to Rule 9(b)'s "particularity" pleading requirement yet the Amended Complaint contains no allegations whatsoever regarding any specific conduct on Berns' part, much less conduct that would rise to the level of fraud.  JBM's argument in opposition to the motion is that Berns must have acted in concert with the other defendants in committing fraud and that he is presumed to have acquiesced in their conduct. (Rec. Doc. 51, Opposition at 2).  This unsupported argument is insufficient to support a cause of action premised on fraud, or any other legal theory, under the pleading standards of this circuit.  Berns' motion to dismiss is therefore GRANTED under Rule 12(b)(6).  The issue of prescription with respect to the claims against Berns is now moot and the Court will not address it.

### *Menetre*

Menetre moves to dismiss all claims against him pursuant to Rule 12(b)(6) due to JBM's failure to plead the allegations of fraud with particularity, and JBM's failure to otherwise allege the elements of fraud under Louisiana law.  Menetre alternatively

moves for summary judgment on the fraud claims.

The French Settlement and the Cross Creek Estates contracts were executed by CPB's then President and CEO, Richard Blossman so no argument can be made that Menetre somehow bound himself personally in executing the contracts. (Rec. Docs. 47-2 & 47-3, Exhibits A & B). For Menetre to be held liable for a debt of the corporation--and the contracts at issue are unarguably corporate debts--a corporate officer like Menetre would have to have engaged in some type of fraud. See Louisiana World Exposition, 858 F.2d at 240; Hemphill-Kunstler-Buhler, 516 So. 2d at 402. In the absence of some type of fraud or malfeasance by the corporate officer, he cannot be held personally liable for the debts of the corporation. See Hemphill-Kunstler-Buhler, 516 So. 2d at 403.

JBM's contention regarding fraud vis à vis Menetre is that Menetre, while serving as CPB's Executive Vice President, fraudulently represented to JBM that it should continue working under the contracts and that if it did so then JBM would get paid. (Rec. Doc. 36, ¶¶ 18-21, Amended Complaint). JBM contends that it relied on those fraudulent contentions when continuing to perform under the contracts.

According to the allegations in the Amended Complaint, the allegedly fraudulent misrepresentations that JBM relies upon to pursue Menetre occurred in several emails, some of which are mentioned by date in the complaint. None of these emails are

7

attached to the complaint or to JBM's opposition[1] but Menetre has provided the Court true and correct copies of all of the correspondence referred to in the Amended Complaint. (Rec. Doc. 47-1, at 10 n.1; Rec. Doc. 63, at 3 n.1). JBM takes the position that the emails are not necessary to establish its claims against Menetre because the allegations in the Amended Complaint are sufficiently clear. (Rec. Doc. 53, at 2).

This Court does not necessarily agree that the allegations in the Amended Complaint are sufficiently pleaded under the standards for fraud employed in this circuit, particularly with respect to a type of liability that is rare under Louisiana law, Deroche v. P&L Const. Materials, Inc., 544 So. 2d 717, 719 (La. App. 5th Cir. 1989) (citing Lone Star Indus. v. Am. Chem., 461 So. 2d 1063 (La. App. 4th Cir. 1984) ("Louisiana courts are very hesitant to hold a shareholder, officer, or director personally liable for corporate obligation."). But this Court would be willing to accept the allegations in ¶¶ 19-21 of the Amended Complaint as sufficient under Rule 9(b) if the emails that underlie those allegations were supportive of the fraud contentions. But after reviewing those emails, and following the Court's best efforts to reconcile the emails presented in globo with the allegations in the complaint, the Court does not find

---

[1] JBM states in its opposition that the emails are attached in globo but the opposition filed with the Court has no attachments or exhibits. (Rec. Doc. 53).

that the substance of the emails can cure any deficiency in the pleading because the emails do not support JBM's contentions as to the representations made.[2]

First, the record contains no emails from Menetre to JBM on November 18, 2009, or February 2, 2010, which are the specific dates referenced in ¶ 19 of the Amended Complaint. The unsupported allegation that these emails fraudulently induced JBM to continue working is wholly deficient. The other email dates specifically mentioned in the Amended Complaint with respect to Menetre came after at least two emails from Brandon Faciane and Blossman, clearly advising JBM that there were problems with JBM's charges, that JBM had been overpaid on the contracts, and that the contracts were cancelled. (Rec. Doc. 63-1, at p. 24 & 25, Defendants Reply). These emails belie any assertion by JBM that it was fraudulently induced by emails from Menetre on February 17, 2010, March 8, 2010, and May 25, 2010 to continue working because payment would be forthcoming. (Rec. Doc. 36 ¶¶ 19-21, Amended Complaint). But even as to content the emails are unremarkable in light of the allegations of fraud. And ¶ 21 of the Amended Complaint inaccurately quotes the May 25, 2010, email

---

[2] JBM also may be suggesting in paragraph 18 of the Amended Complaint that representations outside of the emails were involved but that is not clear. The fact that the Court cannot unequivocally discern JBM's intent with respect to paragraph 18 demonstrates how woefully deficient that paragraph is pleaded under Rule 9(b)'s particularity requirement.

in a manner that makes it more favorable to JBM's case.  (Rec. Doc. 47-7, at p. 18, Menetre Exhibit F.).

It is important to note from the outset that even if Menetre told JBM to continue performing under the contracts because payment would be forthcoming, the mere fact that JBM did not get paid does not necessarily make Defendants' conduct fraudulent.  This is one reason why particularity is crucial with respect to fraud allegations.  Under Louisiana law, fraud requires 1) a misrepresentation of fact, 2) with the intent to obtain an unjust advantage, and 3) the resulting error must relate to a circumstance substantially influencing the other party's contractual consent.  <u>Terrebonne Concrete, LLC v. CEC Enters., LLC</u>, 73 So. 3d 502, 509 (La. App. 1st Cir. 2011) (<u>citing</u> <u>Shelton v. Standard/700 Assocs.</u>, 798 So. 2d 60, 64 (La. 2001); La. Civ. Code art. 1953).  Moreover, fraud cannot be predicated on unfulfilled promises or statements as to *future* events, and statements promissory in their nature and relating to future actions do not constitute actionable fraud.  <u>Terrebonne Concrete</u>, 76 So. 3d at 512 (<u>citing</u> <u>Bass v. Coupel</u>, 671 So. 2d 344, 351 (La. App. 1st Cir. 1995)).  Characterizing what occurred as "fraud," in the absence of sufficient factual support, leads to the recitation of an unsupported legal conclusion which cannot withstand a challenge under Rule 12 standards, much less Rule 9(b)'s particularity requirement.

Based on the foregoing, whether under Rule 12 (dismissal) or Rule 56 (summary judgment) standards, Menetre is entitled to judgment as a matter of law.[3] Menetre's motion is therefore GRANTED.

*Faciane*

The allegations of fraud as to Faciane are completely conclusory and no attempt to plead those claims with particularity has been made. (Rec. Doc. 36, Amended Complaint ¶¶ 28, 29). None of the emails of record from Faciane to JBM even remotely suggest a fraudulent misrepresentation. Paragraph 29, which alleges that Faciane told JBM that it would have to submit proof of its expenses even though the contract did not require proof, does not state a claim for fraud under Louisiana law, particularity aside.

JBM seeks to hold Faciane personally liable because Faciane stated in an email that the contracts with JBM were cancelled, and that this was in violation of the contracts' cancellation provision. (Amended Complaint ¶ 28). As an officer of CPB, Faciane owed a fiduciary duty to the corporation, not to JBM.

---

[3] The Court is well aware that minimal discovery has been conducted but Menetre put JBM on notice that he was alternatively moving for summary judgment in light of the evidence presented outside of the complaint. JBM did not submit a Rule 56(d) affidavit or declaration in opposition to the motion, contending that insufficient discovery hindered its ability to properly oppose the motion. JBM did not submit an affidavit from its principal.

Faciane's duty to JBM was to refrain from acts intentionally causing the company to breach the contract or to make performance more burdensome. Sun Drilling Prods. Corp. v. Rayborn, 798 So. 2d 1141, 1155 (La. App. 4th Cir. 2001). The officer is not liable if his actions are justified, and he acted within the scope of the corporate authority on the reasonable belief that his action was for the benefit of the corporation. Id. (citing 9 to 5 Fashions, Inc. v. Spurney, 538 So. 2d 228, 231 (La. 1989)).

The pertinent emails do not suggest that it was Faciane who cancelled the contracts, and Faciane attests that it was Blossman who informed the board that the contracts were cancelled. (Rec. Doc. 44-5, Faciane Exhibit D ¶ 13). In fact, JBM's specific contention with respect to Faciane in paragraph 28 of the Amended Complaint is that he simply told JBM in an email that the contracts were cancelled. This conduct is insufficient as a matter of law to state a claim against Faciane for personal liability on the contracts.

Faciane is also entitled to judgment as a matter of law. Faciane's motion is therefore GRANTED.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 46)** filed by defendant Brian Berns, **Motion to Dismiss, or Alternatively for Summary Judgment (Rec. Doc. 44)** filed by Brandon Faciane, and **Motion to Dismiss, or Alternatively for**

**Summary Judgment (Rec. Doc. 47)** filed by Ralph Menetre, III are GRANTED. Plaintiff's complaint is **DISMISSED** with prejudice as to each of these three defendants.

January 9, 2013

```
                                    _____
                                         JAY C. ZAINEY
                                    UNITED STATES DISTRICT JUDGE
```